﻿Citation Nr: AXXXXXXXX
Decision Date: 10/31/19 Archive Date: 10/31/19

DOCKET NO. 190329-7436
DATE: October 31, 2019

ORDER

Readjudication of the claim of service connection for degenerative joint disease (DJD) of the right shoulder is warranted.

Readjudication of the claim of service connection for DJD of the left shoulder is warranted.

Readjudication of the claim of service connection for arthritis of the thoracic and lumbar spine is warranted.

Service connection for DJD of the right shoulder is granted.

Service connection for DJD of the left shoulder is granted.

Service connection for arthritis of the thoracic and lumbar spine is granted.

 

FINDINGS OF FACT

1. The Veteran’s DJD of the right shoulder is related to service.

2. The Veteran’s DJD of the left shoulder is related to service.

3. The Veteran’s arthritis of the thoracic and lumbar spine is related to service.

CONCLUSIONS OF LAW

1. The criteria for service connection for DJD of the right shoulder have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.102, 3.303.

2. The criteria for service connection for DJD of the left shoulder have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.102, 3.303.

3. The criteria for service connection for arthritis of the thoracic and lumbar spine have been met. 38 U.S.C. §§ 1110, 1131, 5107; 38 C.F.R. § 3.102, 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSIONS

The Veteran served on active duty from June 1971 to August 1991.

The case is on appeal from a December 2018 rating decision.

In April 2018, the Veteran opted to participate in VA’s Rapid Appeals Modernization Program (RAMP) under the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). The Board is honoring the Veteran’s choice to participate in RAMP. After the December 2018 rating decision, the Veteran opted for direct review by the Board by way of a March 2018 notice of disagreement (NOD). This is the appeal lane where the evidence of record at the time of the prior decision is reviewed, and there is no additional evidence submission or a hearing request. The Board is also bound by any favorable findings of the Agency of Original Jurisdiction (AOJ). AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

The Board notes that, in his March 2019 Board Appeal Decision Review Request (NOD), the Veteran additionally listed the specific issue of a total disability rating based on individual unemployability (TDIU). However, that issue has not been adjudicated by the AOJ and is not part of a service connection claim. Therefore, the Board does not have jurisdiction over it.

1. Whether new and relevant evidence was presented to warrant readjudicating the claim of service connection for DJD of the right shoulder.

2. Whether new and relevant evidence was presented to warrant readjudicating the claim of service connection for DJD of the left shoulder.

3. Whether new and relevant evidence was presented to warrant readjudicating the claim of service connection for arthritis of the thoracic and lumbar spine.

The Board addressed the claims for the right shoulder, left shoulder, and back condition in a previous appeal. The Board denied the claims in a November 2010 decision. Board decisions are final as of the day they are mailed. See 38 U.S.C. § 7104(b); 38 C.F.R. § 20.1100.

Following the Board’s denial, the Veteran submitted motions for reconsideration in January 2011 and September 2013. Both motions were denied; however, in November 2013, the Board acknowledged receipt of additional evidence that had been submitted with the motion, and advised that the proper recourse was to submit the new evidence to the RO for support to reopen the claim. After review of the new evidence, the RO found that it did not constitute new and material evidence, and continued denial of service connection for the claims in a March 2015 rating decision under the Legacy system. The Veteran filed a timely NOD in January 2016. Following the Veteran’s election into RAMP in April 2018, the RO again made the determination that the evidence was not new and material in the December 2018 rating decision.

Under RAMP, VA will readjudicate a claim if new and relevant evidence is presented or secured. 84 Fed. Reg. 138, 169 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.156(d)). “Relevant evidence” is evidence that tends to prove or disprove a matter in issue. 84 Fed. Reg. 138, 172 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.2501(a)(1)).

The Board finds there is new evidence after the November 2010 Board decision in the Legacy system that is relevant to his claim. See August 2013 Medical Statement of Dr. F., and October 2014 Medical Statement of Dr. B. Readjudication of the claims is warranted.

4. Service connection for DJD of the right shoulder.

5. Service connection for DJD of the left shoulder.

6. Service connection for arthritis of the thoracic and lumbar spine.

Legal Criteria

Service connection may be granted for a disability resulting from a disease or injury incurred in or aggravated by active service. See 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303. A veteran seeking compensation under these provisions must establish three elements: “(1) the existence of a present disability; (2) in-service incurrence or aggravation of a disease or injury; and (3) a causal relationship between the present disability and the disease or injury incurred or aggravated during service.” Saunders v. Wilkie, 886 F.3d 1356, 1361 (Fed. Cir. 2018) (quoting Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004)).

Analysis

The Veteran seeks service connection for right and left shoulder conditions, and a spine disability. Although the back condition was characterized solely as involving the lumbar spine, the Board finds that the scope of the claim is broader to include the thoracic spine.

He states that his military occupational specialty (MOS) as a pilot, trainer, and parachutist, included duties that placed his body in physically demanding situations that included 33 parachute jumps and extensive exposure to G-forces. He also points to specific incidents which he maintains occurred during service that include injuring his back during survival school, a parachute incident in Japan, and a motor vehicle accident while on a moped.

The Veteran’s service treatment records (STRs) indicate he sought treatment for his back and shoulder multiple times during his twenty years of military service. With regard to his spine, it is noted that he injured his back while at survival school in September 1972, complained of back pain in May 1977, October 1978, and September 1989, with an October 1978 x-ray showing “changes noted on the lateral view of L-3, 2, and T-11,12 . . . disc spaces are slightly narrowed at that level.” The Veteran complained of right shoulder pain in November 1979 and February 1982, and a September 1989 STR has an entry of myalgias and arthralgias, with sore and stiff joints and muscles.

The Veteran was afforded a VA examination in July 2009 for his orthopedic conditions. The examiner found that his thoracolumbar DJD and lumbar DDD was less likely than not caused by, related to, or worsened by service or in-service complaints. The rationale provided was that the complaints made during service did not have mechanisms of injury or continuity of care to support causation, and that the current conditions are consistent with “natural aging without objective evidence of worsening beyond natural progression.” The examiner provided the same rationale for failing to find a nexus or “link” between the Veteran’s bilateral shoulder DJD and his military service.

Subsequent to the Board’s November 2010 denial of the claims, the Veteran submitted the opinions of two different private doctors. This included the August 2013 correspondence of a “pilot-physician,” who stated that he had performed an independent medical history of the Veteran’s back disability. He stated he knew “first-hand the physiological demands of flying high performance aircraft and the resultant effects on the body . . . it is my intent to show that [his] back pain and resultant disability were aggravated by his service while flying high performance aircraft.” The pilot-physician referenced the STRs, as well as peer-reviewed medical journals and treatises supporting his conclusions.

In October 2014, the Veteran’s treating physician provided correspondence in support of the back and shoulder claims. He stated that he agreed with the August 2013 findings of the pilot-physician regarding the lumbar and thoracic DDD. He also referenced four medical studies supporting the Veteran’s contention with regard to his right shoulder, and stated that these studies amply demonstrated a very high risk of DJD to the occupational hazards present. As for the left shoulder, it was opined that it was more likely than not a result of the parachute incident reported by the Veteran that tore his jumpsuit as evidenced by photographs submitted and in the record. This expands on the treating physician’s prior April 2005 opinion that concluded that his shoulder conditions are the result of injury, “quite possibly the parachuting activities he participated in while active in the armed services.”

Finally, the record includes an independent medical evaluation that was conducted in April 2003 by an orthopedic surgeon in conjunction with the Veteran’s employment disability. The examiner confirmed the Veteran has DDD in the thoracic and lumbar spine “that far exceeds his age. His chronological age is fifty-four, the report of this MRI makes his back look like age seventy-five.” This is contradictory to the July 2009 opinion of the VA examiner that attributed the Veteran’s conditions to the natural aging process.

Thus, the record includes opposing medical opinions as to the nexus element of the claims. The VA examiner provided little rationale for the lack of nexus concluding the conditions were part of the natural aging process and lacked continuity of care, a conclusion that was challenged by the other medical opinions and the evidence of record. Conversely, the private medical doctors provided in-depth conclusions for their positive opinions after a full review of the Veteran’s claims file including STRs and private medical evidence. They also cited to the Veteran’s record, lay statements, and peer-reviewed medical literature detailing causal relationships between the arthritic conditions, specific injuries, and his twenty-year service in a physically demanding MOS. Their explanations are persuasive. See Nieves-Rodriguez v. Peake, 22 Vet. App. 295 (2008).

In consideration of all the evidence, and when resolving reasonable doubt in the Veteran’s favor, the Board finds that he currently has DJD of the right and left shoulders, and arthritis of the thoracic and lumbar spine that is related to service. See 38 U.S.C. § 5107(b); 38 C.F.R. § 3.102; Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Accordingly, service connection is warranted for his right shoulder, left shoulder, and spine condition. 

 

RYAN T. KESSEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board S. Morford, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.